IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:20-cr-107-CJW |
| | ) | |
| v. | ) | GOVERNMENT'S RESPONSE |
| | ) | TO DEFENDANT'S MOTION TO |
| JOHN EDWARD MILLER, | ) | DISMISS INDICTMENT |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files a response to Defendant's Motion to Dismiss Indictment filed June 21, 2022, and states the following:

## I. BACKGROUND

On December 7, 2020, defendant was charged pursuant to a criminal complaint. (District Court Document, hereinafter "DCD" 2). On January 4, 2021, an unopposed motion for competency evaluation was filed. (DCD 20). On January 5, 2021, a criminal indictment was returned against defendant. (DCD 29). On January 6, 2021, the Court filed an order for defendant to be evaluated pursuant to 18 U.S.C. §§ 4241 and 4242, after a hearing was held. (DCD 30). On April 16, 2021, the Government filed a motion to extend the time for the competency evaluation and on April 20, 2021, that motion was granted based on "good cause". (DCD 34 and 35). On December 22, 2021, a competency hearing was held. (DCD 53). On December 29, 2021, the Court issued an Order committing the Defendant to the Attorney General to be hospitalized for treatment for a reasonable time, not to exceed 120 days. (DCD 54). On April 1, 2022, and May 6, 2022, the Court held status conferences with the parties. (DCD 57 and 59). During those, the Court was informed that Defendant was

1

on a waiting list for a treatment facility in Springfield and that his projected admission would be in August.

## II. ARGUMENT

Defendant argues that the indictment should be dismissed under the authority of Federal Rules of Criminal Procedure 12(b)(1) and §4241(d). In this case, the Court held a hearing regarding Defendant's competency, and after finding him incompetent to stand trial, committed Defendant to the custody of the Attorney General for treatment in a suitable facility for a reasonable period of time. As stated in the statute, the purpose of this hospitalization is to determine whether there is a substantial probability that Defendant will, in the foreseeable future, attain the capacity for the trial to proceed.

"Congress passed 18 U.S.C. §§ 4244, 4246 (1949), which provided the initial statutory framework for committing an incompetent defendant to custody to try to restore competency and allow the defendant to stand trial." *United States v. Belgarde*, No. 3:21-CR-58, 2022 WL 540932, at *3–5 (D.N.D. Feb. 23, 2022). Initially, the statutes did not include a time limit on detention. After various appellate decisions, a "rule of reasonableness" as to detention was imposed. *Id*. The United States Supreme Court ruled the reasonableness requirement was, in fact, mandated by due process. *Jackson v. Indiana*, 406 U.S. 715, 733 (1972). Specifically, the Supreme Court stated:

> [A] person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a

substantial probability that he will attain that capacity in the foreseeable future.

*Id.* at 738.

Congress then enacted 18 U.S.C. § 4241. In part, 18 U.S.C. § 4241(d) addresses the competency restoration procedure and states:

> (d) Determination and disposition -- If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General *shall hospitalize* the defendant for treatment in a suitable facility –
> (1) *for such a reasonable period of time, not to exceed four months*, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
> (2) for an additional reasonable period of time until –
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
> (B) the pending charges against him are disposed of according to law;
> whichever is earlier.

*Id.* (emphasis added)

Here, Defendant argues that the court should interpret the statute to mean that the time period of time should run from the date of the commitment order and not the date Defendant is transported by the Bureau of Prisons to the facility for hospitalization. When interpreting statutes, the court should look to the plain language of the statute. "If the statutory language is unambiguous, and the 'statutory scheme is coherent and consistent,' the inquiry ends there." *Belgarde*, No. 3:21-CR-58, 2022 WL 540932, at *4, (citing *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997)).

Section 4241(d)(1) plainly states "the Attorney General shall *hospitalize* the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months." 18 U.S.C. § 4142(d)(1) (emphasis added). The statute's reference to the four-month limitation appears only in the sentence beginning "The Attorney general shall hospitalize ..." and, read in context, applies only to that period of hospitalization and not the total period of time that a defendant has been "committed" to the Attorney General. *United States v. Donnelly,* No. 3:21-CR-232-SI, 2022 WL 1488430, at *2 (D. Or. May 11, 2022).

Similarly, other courts have found the statute unambiguous on its face. *See United States v. Magassouba*, 544 F.3d 387 (2d Cir. 2008). As recognized in *Magassouba*, "[c]onsistent with *Jackson v. Indiana*, an incompetent defendant may be hospitalized for such an evaluative purpose only for 'a reasonable period of time, not to exceed four months.' This four-month limitation is, in fact, the only explicit time reference in § 4241." 544 F.3d at 405. The Second Circuit found in *Magassouba* that the confinement authority under § 4241(d)(1) was deemed to commence once the defendant was admitted to the facility. *Id.* at 410. The Ninth Circuit previously reached the same conclusion in an unpublished decision. See *United States v. Villegas*, 589 F. App'x 372, 373 (9th Cir. 2015) ("The plain language of § 4241(d) provides that the four-month period of evaluative commitment begins on the date of hospitalization."). In addition, other district courts agree. *See, e.g.*, *United States v. Jones*, 2020 WL 7127321, at *2 (D. Mont. 2020) ("By its plain terms, the 'reasonable period of time, not to exceed four months' does not begin to

4

run until the defendant is hospitalized." (quoting *Villegas*, 589 F. App'x at 373)); *United States v. Zapata-Herrera*, 2015 WL 4878319, at *1 (S.D. Cal. Aug. 14, 2015) ("Under the plain language of § 4241(d)(1), the authorized four-month period begins on the date of hospitalization."); *United States v. Willis, 2020 WL 53850*, at *3–4 (S.D.W. Va. Jan. 3, 2020) (adopting the reasoning of *Villegas* and *Magassouba*.)

The Order issued by the Court in this case, cited to § 4241(d)(1) and ordered Defendant committed to "the custody of the Attorney General to a hospital for treatment in a suitable facility for such a reasonable period of time, not to exceed 120 days, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceeding to go forward." (DCD 53, ¶ 3). *See Magassouba*, 544 F.3d at 408 ("[W]e construe § 4241(d)(1) to impose a four-month limit only on the Attorney General's authority to hold an incompetent defendant <u>in custodial hospitalization</u> for the purpose of determining the probability of his regaining competency."). This is entirely consistent with the purpose of the statute, which is "to enable medical professionals to accurately determine whether a criminal defendant is restorable to mental competency." *United States v. Strong*, 489 F.3d 1055, 1062 (9th Cir. 2007).

The delay between ordering the evaluation and the start of evaluation does not impact the time period under either the court order or 18 U.S.C. § 4241(d)(1). Delays between the court order and admission to the facility for evaluation are to be expected due to limited resources.

5

Defendant relies on the case from United States District Court for the District of Columbia in *United States v. Carter*, ⸺ F. Supp. 3d ⸺, 2022 WL 483636, at *5 (D.D.C. Jan. 27, 2022) for the proposition that the "reasonable period of time, not to exceed four months" begins calculating at the time the commitment order is filed. The court in *United States v. Donnelly*, 2022 WL 1488430, at *2–3 (D. Or. May 11, 2022), did not find persuasive the reasoning recently expressed by the, and neither should this Court. In *Carter*, the court found that the plain text of § 4241 shows that the durational limit begins with the order of commitment, not hospitalization. *Carter*, ⸺ F. Supp. 3d ⸺, 2022 WL 483636, at *5. "The court's reasoning, however, relies on the assumption that the statute commands the Attorney General to hospitalize an incompetent defendant immediately upon commitment." *Donnelly*, 2022 WL 1488430, at *2–3. The *Carter* court states that "the plain text of § 4241(d)(1) provides that the government 'shall hospitalize' an incompetent defendant as soon as the government obtains 'custody' over him." *Carter*, ⸺ F. Supp. 3d ⸺, 2022 WL 483636, at *5 Section 4241, however, contains no such explicit directive. Instead, that is merely an extrapolation or interpretation of the statute." *Donnelly*, 2022 WL 1488430, at *2. The *Carter* court also rejected the Ninth Circuit's conclusion in *Villegas*, stating that *Villegas* "did not concern a prolonged transportation delay and had no reason to address the government's distinction between transportation and hospitalization." *Carter*, ⸺ F. Supp. 3d ⸺, 2022 WL 483636, at *6. However, when looking at if the government violated the four-month statutory time

limitation, the court must determine when that period begins to run, even if a defendant had not been detained much over the four months. *Donnelly*, No. 3:21-CR-232-SI, 2022 WL 1488430, at *2–3. Here, the defendant is awaiting transport, so the time period under the statute allowing for "a reasonable period of time" has not begun to run.

Defendant asks the court to dismiss the indictment against him based on the unreasonable delay. If this Court finds such an unreasonable delay, dismissal is not warranted. Courts have rejected the argument that due process violations caused by systemic delays warrant the dismissal of indictments. *United States v. Isidro Fierro–Gomes,* No. CR–13–01984–001–TUC–JAS, page 3–4 (D.Ariz. Oct. 20, 2014); *United States v. Kabinto,* 2009 WL 2358946, at *1 (D.Ariz. July 31, 2009). However, courts may dismiss indictments on due process grounds only when "government conduct [is] so grossly shocking and outrageous [that it violates] the universal sense of justice." *United States v. Kearns,* 5 F.3d 1251, 1253 (9th Cir. 1993) (citation omitted). Courts may also dismiss indictments pursuant to their supervisory powers, but can do so only "in cases of flagrant prosecutorial misconduct." *United States v. Chapman,* 524 F.3d 1073, 1085 (9th Cir. 2008) (citation and internal quotations omitted).

Several courts have held that delays resulting from the general overcrowding of federal psychiatric facilities do not amount to the outrageous or flagrant government misconduct that would warrant the dismissal of an indictment. *Isidro Fierro–Gomes,* No. CR–13–01984–001–TUC–JAS, at *3. In *Kabinto,* a criminal

7

defendant awaiting competency treatment waited over 100 days for a bed to become available in a federal psychiatric facility. *Kabinto,* 2009 WL 2358946, at *1; *see also United States v. Lazaro–Cobo,* 2011 WL 5006516, at *1 (D.Ariz. Oct.20, 2011) (finding that a 57–day delay caused by lack of bed space availability at the treatment facility did not amount to the type of government misconduct that would warrant dismissal of the indictment); *United States v. Yazzie,* 2006 WL 2772636, at *1–3 (D.Ariz. Sept.25, 2006) (finding that a 111–day delay caused by lack of bed space availability at the treatment facility did not warrant dismissal of the indictment); *Magassouba,* 544 F.3d at 417 (finding that a delay of 69 days for a bed to become available in a federal psychiatric facility does not warrant dismissal); *Zapata-Herrera,* 2015 WL 4878319, at *2–3 (S.D. Cal. Aug. 14, 2015) (72 days delay in treatment does not amount to the government misconduct necessary to dismiss the indictment.)

Defendant has not shown that his delayed transport to Springfield for hospitalization constitutes "grossly shocking and outrageous" conduct or "flagrant misbehavior." *See id.* The court has been conducting periodic hearings and the United States Marshal kept the court informed of Defendant's delay of transfer is caused by a lack of available space. Thus, dismissal of the indictment is not appropriate.

WHEREFORE, for the reasons outlined above, the government respectfully requests the Court deny Defendant's Motion to Dismiss the Indictment.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Melisa Zaehringer*
Melisa K. Zaehringer
Assistant U.S. Attorney
United States Attorney's Office
131 East 4th Street
Davenport, IA 52801
Office: (563) 449-5440
Cell: (563) 449-5433
E-mail: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2022, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery __X__ECF/Electronic filing
Other means
UNITED STATES ATTORNEY

By: /s/ Melisa *Zaehringer,*
Assistant United States Attorney

9